# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

ADRIAN STROM,

                              Plaintiff,

         -against-

DEPUY ORTHOPAEDICS, INC.,
JOHNSON & JOHNSON and
SMITH & NEPHEW, INC.,

                              Defendants.


------------------------------------------------------------------X

Index No. *161626/14 (E)*

Date Filed: *11/21/14*

Plaintiff(s) designate NEW YORK County
as the Place of Trial

The basis of venue is
Defendant's Residence

SUMMONS

Plaintiff's Address
168-04 67th Avenue
Fresh Meadows, NY

To the above named Defendant(s)

         **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the
Plaintiff(s) Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or
within 30 days after the service is complete if this summons is not personally delivered to you within the State
of New York); and in case of your failure to appear or answer, judgment will be taken against you by default
for the relief demanded in the complaint.

DATED:         November 21, 2014

                                               HARRY I. KATZ, P.C.
                                               BY: Victoria L. Weinman
                                               Attorney for Plaintiff(s)
                                               61-25 Utopia Parkway
                                               Fresh Meadows, NY 11365
                                               (718) 463-3700
                                               harrykatz@hikpc.com

Defendant(s) Address:

Depuy Orthopaedics, Inc.
Smith & Nephew, Inc.
c/o.CT Corporation System
111 Eighth Avenue
New York, NY 10011

Johnson & Johnson
One J&J Plaza
New Brunswick, NJ  08933

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X

ADRIAN STROM,

         Plaintiff,      Verified Complaint

                  Index No. $161626/14$ $\widehat{(E)}$

   -against-

DEPUY ORTHOPAEDICS, INC,
JOHNSON & JOHNSON and
SMITH & NEPHEW, INC.

          Defendants,

-----------------------------------------------------------------X

    Plaintiff, by his attorneys, HARRY I. KATZ, P.C., as and for his Verified Complaint,

respectfully alleges, upon information and belief, as follows:

        AS AND FOR A FIRST CAUSE OF ACTION

   1.  This action falls within one or more of the exemptions set forth in CPLR 1602.

   2.  Plaintiff resides in the County of Queens, City and State of New York.

   3.  Upon information and belief, defendant[1] Johnson & Johnson is a New Jersey

corporation doing business in the City, County and State of New York.

---

   [1]All references to "defendant" throughout this complaint are
intended to refer individually to each defendant named in the
caption unless otherwise specified.

4. Defendant Johnson & Johnson is the parent company of defendant DePuy Orthopaedics, Inc.

5. Defendant DePuy is a subsidiary of Johnson & Johnson.

6. Defendant Depuy is an Indiana corporation doing business in the City, County and State of New York and is so designated by the New York State Department of State, Division of Corporations.

7. Defendant Smith & Nephew, Inc. is a Delaware Corporation doing business in the City, County and State of New York and is so designated by the New York State Department of State, Division of Corporations.

8. At all times relevant, defendants were engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, numerous prosthetic devices, including Depuy Smartset cement for use in arthroplastic procedures of the hip, knee, and other joints for the fixation of polymer or metallic prosthetic implants to living bone.

9. At all times relevant, defendants were engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, numerous prosthetic devices, including Genesis SPC components  for use in arthroplastic procedures of the hip, knee, and

other joints.

10. On November 29, 2011, plaintiff underwent a total right knee replacement surgery (hereinafter referred to as "the surgery").

11. Upon information and belief, as part of the knee replacement surgery, plaintiff's surgeon used Depuy Smartset Cement,(hereinafter the cement).

12. Upon information and belief, as part of the aforesaid surgery, plaintiff's surgeon used Genesis SPC components (hereinafter referred to as "the components").

13. Upon information and belief, the cement used in plaintiff's surgery was manufactured by DePuy International, Ltd., a subsidiary of defendant Johnson & Johnson.

14. Upon information and belief, the cement used in plaintiff's surgery was distributed in the United States by Depuy Orthopaedics, Inc. under the trade name of Depuy Smartset.

15. The components used in the surgery were Genesis SPC components which were manufactured by defendant Smith & Nephew, Inc.

16. In September of 2014, plaintiff underwent an x-ray of his right knee which showed that a portion or all of the cement was no longer there.

17. The cement used in plaintiff's surgery was defective.

18. The components used in plaintiff's surgery were defective.

19. On or about November 9, 2014, plaintiff underwent an MRI of the right knee which showed a possible fracture of the tibial stem.

20. As a direct and proximate result of defendants' failed and defective cement plaintiff was injured.

21. As a direct and proximate result of defendants' failed and defective components, plaintiff was injured.

22. At all times herein mentioned, the manufacture, design, sale, distribution, assembly and packaging of defendants' aforementioned products were not reasonably safe for their intended users.

23. At all times herein mentioned, the manufacture, design sale, assembly, distribution, and packaging of defendants' aforementioned products were not reasonably safe for their foreseeable users.

24. The Depuy Smartset cement was not reasonably safe for its intended use.

25. The Genesis SPC components were not reasonably safe for its intended use.

26. The Depuy SmartSet cement was unsafe for its intended use.

27. The Genesis SPC components were unsafe for its intended use.

28. The Depuy Smartset cement was not reasonably safe for a foreseeable use.

29. The Genesis SPC components were unsafe for its foreseeable use.

30. The Depuy Smartset cement was defectively designed.

31. The Genesis SPC components were defectively designed.

32. The Depuy Smartset cement was defectively manufactured.

33. The Genesis SPC components were defectively manufactured.

34. The Depuy Smartset cement  was defectively labeled.

35. The Genesis SPC components were defectively labeled.

36. The Depuy Smartset cement was defectively distributed.

37.  The Genesis SPC components were defectively distributed.

38.  The Depuy Smartset cement  was defectively sold.

39.  The Genesis SPC components were defectively sold.

40.  Defendant is strictly liable in tort to plaintiff.

41.  As a result thereof, plaintiff  was injured.

42.  As a result of the aforesaid occurrence, plaintiff was rendered sick, sore, lame and disabled and suffered painful and permanent injuries with accompanying pain and scarring, as well as shock to his nervous system, suffered and continues to suffer emotional and psychological injury, was required to and did receive medical treatment for his injuries and may in the future be so required, was forced to expend various sums of money in an effort to cure herself and may in the future be so required, and was prevented from attending to his usual duties and activities and may in the future be so prevented, all to his damage in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

43.  Plaintiff repeats each allegation above as though fully set forth herein at length.

44.   The aforesaid occurrence was caused by the negligence of the defendants, their servants, agents and/or employees in failing properly to manufacture, design, distribute, sell, assemble, and package the Depuy Smartset and the Genesis SPC components; in manufacturing, designing, distributing, assembling, packaging and selling the product so that the cement disintegrated and failed; in manufacturing, designing, distributing, assembling, packaging and selling the products in that they failed and disintegrated; in failing to conduct testing on the product and its components; in failing to conduct proper quality control testing of the product; in improperly conducting testing of the product; in failing to label the product with effective warnings; in failing to conduct testing regarding the efficacy of the product and its components; in failing to take steps to avoid this occurrence, and were otherwise negligent.

45.   As a result of the aforesaid occurrence, plaintiff rendered sick, sore, lame and disabled and suffered painful and permanent injuries with accompanying pain and scarring, as well as shock to his nervous system, suffered and continues to suffer emotional and psychological injury, was required to and did receive medical treatment for his injuries and may in the future be so required, was forced to expend various sums of money in an effort to cure himself and may in the future be so required, and was prevented from attending to his usual duties and activities and may in the future in a sum which exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

46.   Plaintiff repeats each allegation above as though fully set forth herein at length.

47.  Upon information and belief, at all times herein mentioned, the defendants impliedly warranted through the manufacture, design, distribution, assembly, sale, delivery, advertising and packaging of the subject products that they were fit for its intended use.

48.  Upon information and belief, at all times herein mentioned, the products were not reasonably fit for ordinary purposes.

49.  Upon information and belief, at all times herein mentioned, the products were not fit for ordinary uses.

50.  At all times herein mentioned, the plaintiff relied upon such warranty.

51.  Upon information and belief, at all times herein mentioned, the subject products were in a dangerous condition and were unsafe for their intended use.

52.  Upon information and belief, at all times herein mentioned, the defendant breached its implied warranty of merchantability.

53.  By reason of such breach of warranty, the plaintiff was injured.

54.  As a result of the aforesaid occurrence, the plaintiff was rendered sick, sore, lame and disabled and suffered painful and permanent injuries with accompanying pain and scarring, as well as shock to his nervous system, suffered and continues to suffer emotional and

psychological injury, was required to and did receive medical treatment for his injuries and may

in the future be so required, was forced to expend various sums of money in an effort to cure

himself and may in the future be so required, and was prevented from attending to his usual

duties and activities and may in the future be so prevented, all to his damage in an amount which

exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

55. Plaintiff repeats each allegation above as though fully set forth herein at length.

56. Upon information and belief, at all times herein mentioned, the defendants expressly

warranted through the manufacture, design, distribution, assembly, sale, delivery, advertising and

packaging of the subject products that they were fit for their intended use.

57. Upon information and belief, at all times herein mentioned, the products were not

reasonably fit for ordinary purposes.

58. Upon information and belief, at all times herein mentioned, the products were not fit

for ordinary uses.

59. At all times herein mentioned, the plaintiff relied upon such warranty.

60. Upon information and belief, at all times herein mentioned, the subject products were

in a dangerous condition and were unsafe for their intended use.

61.  Upon information and belief, at all times herein mentioned, the defendant breached its express warranty of merchantability.

62.  By reason of such breach of warranty, the plaintiff was injured.

63.  As a result of the aforesaid occurrence, the plaintiff was rendered sick, sore, lame and disabled and suffered painful and permanent injuries with accompanying pain and scarring, as well as shock to his nervous system, suffered and continues to suffer emotional and psychological injury, was required to and did receive medical treatment for his injuries and may in the future be so required, was forced to expend various sums of money in an effort to cure himself and may in the future be so required, and was prevented from attending to his usual duties and activities and may in the future be so prevented, all to his damage in the sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## FRAUDULENT / NEGLIGENT MISREPRESENTATION

64.  Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

65.  Defendants, as the manufacturers of aforementioned cement and components being used by physicians and patients in orthopedic surgery, have a general duty not to deceive or misrepresent the safety, quality, characteristics, etc., of the products they design, manufacture, distribute, sell, and supply.

66.  In the exercise of reasonable care, defendants should have known that its cement failed to comply with federal requirements for safe design and manufacture and/or was in other ways out of specification or deviated from performance standards, yet defendants, in breach of their general duty not to deceive, negligently misrepresented to plaintiff and/or plaintiff's physicians that the aforementioned  cement and the components were safe and met all applicable design and manufacturing requirements.

67.  Defendants negligently and/or fraudulent concealed from plaintiff and plaintiff's physicians that its cement and the components lacked the proper safety, quality, and characteristics to properly adhere to bone and/or prosthetic devices.

68.  Defendants' representations about the safety, quality, and characteristics of its aforementioned cement and components were made with utter disregard and recklessness as to the truth of such representations.

69.  Plaintiff and plaintiff's physicians reasonably relied to their detriment upon defendants' misrepresentations that the cement was safe for use and would perform to its intended purposes and standards.

70.  As a direct and proximate result of defendants' breach of their duty and negligent misrepresentations about the aforementioned cement and the components plaintiff was injuried by the aforementioned cement and components.

71. As a direct and proximate result of the failure of defendants' aforementioned cement and components, plaintiff has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

72. Defendants' actions and omissions as alleged in this complaint demonstrate a flagrant disregard for human life and safety, malice, and aggravated and egregious fraud, so as to warrant the imposition of punitive damages.

WHEREFORE, plaintiff demands judgment against the defendants in the First, Second, Third, Fourth and Fifth Causes of Action in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Yours, etc.,

HARRY I. KATZ, P.C.
Attorneys for Plaintiff
BY:
VICTORIA L. WEINMAN
61-25 Utopia Parkway
Fresh Meadows, NY   11365
718-463-3700

STATE OF NEW YORK      )
                       )s.s.:
COUNTY OF QUEENS       )

*Adrian Strom*                    being duly sworn deposes and says:

Deponent is the plaintiff in the within action and has read the foregoing

_____ *Complaint* _____

and knows the contents thereof, that the same are true to deponent's own knowledge, except as to

the matters therein stated to be alleged on information and belief and as to those matters

deponent believes them to be true.

X _____

Sworn to before me this 21
day of *November*, 2004

_____
        Notary Public

VICTORIA L. WEINMAN
Notary Public, State of New York
No. 02WE5022330
Qualified in Queens County
Commission Expires Jan. 10, 2018

**CERTIFICATION**

**Victoria L. Weinman,** an attorney-at-law duly admitted to practice law before the Courts of the State of New York, hereby certifies as follows:

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions herein are not frivolous, as that term is defined in Part 130 of the Rules of the Chief Administrator (22 NYCRR).

DATED:     Fresh Meadows, NY
           November 21, 2014

Victoria L. Weinman

Index No. 161626/14 (E)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ADRIAN STROM,

Plaintiff(s),

-against-

DEPUY ORTHOPAEDICS, INC., et al.,

Defendant(s).

## SUMMONS & VERIFIED COMPLAINT

**HARRY I. KATZ, P.C.**
Attorney for Plaintiff(s)
Office and Post Office Address, Telephone
61-25 Utopia Parkway
Fresh Meadows, New York  11365
(718) 463-3700
(718) 886-3410 (Fax)

To:
Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated:

Attorney(s) for



EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------

ADRIAN STROM,

               Plaintiff,

      v.

DEPUY ORTHOPAEDICS, INC., JOHNSON &
JOHNSON and SMITH & NEPHEW, INC.,

               Defendants.

-------------------------------------------

**NOTICE OF REMOVAL TO ALL
ADVERSE PARTIES**

Case No. _____

TO:    Victoria L. Weinman, Esq.
       HARRY I. KATZ, P.C.
       61-25 Utopia Parkway
       Fresh Meadows, NY 11365
       (718) 463-3700

       *Attorney for Plaintiff*

PLEASE TAKE NOTICE, that on March 20, 2015, Defendant Smith & Nephew, Inc.

filed a Notice of Removal of this action to the United States District Court for the Southern

District of New York.  A true and correct copy of the Notice of Removal is annexed hereto.

This Notice is served upon you as counsel of record for Plaintiff in compliance with

28 U.S.C. § 1446.

Dated: March 20, 2015          By: _____

                      Glenn S. Kerner, Esq.
                      Nilda M. Isidro, Esq.
                      Carla Rose Karp, Esq.
                      **GOODWIN PROCTER LLP**
                      The New York Times Building
                      620 Eighth Avenue
                      New York, New York 10018
                      Tel: (212) 813-8800
                      Fax: (212) 355-3333
                      gkerner@goodwinprocter.com
                      nisidro@goodwinprocter.com
                      ckarp@goodwinprocter.com

                      *Attorneys for Defendant*
                      *Smith & Nephew, Inc.*

EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADRIAN STROM,

                    Plaintiff,

        v.

DEPUY ORTHOPAEDICS, INC., JOHNSON &
JOHNSON and SMITH & NEPHEW, INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE OF FILING
OF NOTICE OF REMOVAL**

Index No. 161626/14

To:    The Clerk of the Court
       Supreme Court of the State of New York
       County of New York

      PLEASE TAKE NOTICE, that on March 20, 2015, Defendant Smith & Nephew, Inc.

filed a Notice of Removal of this action to the United States District Court for the Southern

District of New York.  A true and correct copy of the Notice of Removal is annexed hereto.

      PLEASE TAKE FURTHER NOTICE that the filing of the Notice of Removal in the

United States District Court for the Southern District of New York and the filing of this Notice

effect the removal of this action, and pursuant to 28 U.S.C. § 1446(d), the above-captioned

action may proceed no further unless and until the case is remanded.

Dated: March 20, 2015

                          By:   /s/ Carla Rose Karp
                              Glenn S. Kerner, Esq.
                              Nilda M. Isidro, Esq.
                              Carla Rose Karp, Esq.
                              **GOODWIN PROCTER LLP**
                              The New York Times Building
                              620 Eighth Avenue
                              New York, New York 10018
                              Tel: (212) 813-8800
                              Fax: (212) 355-3333
                              gkerner@goodwinprocter.com
                              nisidro@goodwinprocter.com
                              ckarp@goodwinprocter.com

                              *Attorneys for Defendant
                              Smith & Nephew, Inc*

## **AFFIRMATION OF SERVICE**

I hereby affirm that on March 20, 2015, I caused true and correct copies of the forgoing to be served by electronic means, via the New York State Courts Electronic Filing system ("NYSCEF"), on all counsel of record registered to receive electronic notices.

<u>/s/ Carla Rose Karp</u>
Carla Rose Karp

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADRIAN STROM,

                Plaintiff,

        v.

DEPUY ORTHOPAEDICS, INC., JOHNSON &
JOHNSON and SMITH & NEPHEW, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. _____

## JOHNSON & JOHNSON'S CONSENT TO REMOVAL

      Defendant Johnson & Johnson, by and through its undersigned counsel, hereby consents

to and supports the removal of this case from the Supreme Court of the State of New York,

County of New York, to the United States District Court for the Southern District of New York,

to be effected by co-defendant, Smith & Nephew, Inc., on or about March 20, 2015.

      Defendant Johnson & Johnson is a citizen of New Jersey because it is a New Jersey

corporation with its principal place of business in New Jersey.

Dated: March 18, 2015

                PATTERSON BELKNAP WEBB & TYLER LLP

                By:_____
                    James F. Murdica
                    Thomas P. Kurland
                    1133 Avenue of the Americas
                    New York, New York 10036-6710
                    Tel:  212-336-2000
                    Fax:  212-336-2222
                    Email: jfmurdica@pbwt.com
                           tkurland@pbwt.com

                *Attorneys for Johnson & Johnson*

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADRIAN STROM,

                Plaintiff,

        v.                                      Case No. _____

DEPUY ORTHOPAEDICS, INC., JOHNSON &
JOHNSON and SMITH & NEPHEW, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DEPUY ORTHOPAEDICS, INC.'S CONSENT TO REMOVAL

Defendant DePuy Orthopaedics, Inc., by and through its undersigned counsel, hereby consents to and supports the removal of this case from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, to be effected by co-defendant, Smith & Nephew, Inc., on or about March 20, 2015.

Defendant DePuy Orthopaedics, Inc. is a citizen of Indiana because it is an Indiana corporation with its principal place of business in Indiana.

Dated: March 18, 2015

                            PATTERSON BELKNAP WEBB & TYLER LLP

                            By:_____
                                James F. Murdica
                                Thomas P. Kurland
                                1133 Avenue of the Americas
                                New York, New York 10036-6710
                                Tel: 212-336-2000
                                Fax: 212-336-2222
                                Email: jfmurdica@pbwt.com
                                        tkurland@pbwt.com

                            *Attorneys for DePuy Orthopaedics, Inc.*